UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT GUFFEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:23-cv-1242 |
| | ) |
| INDIANA DEPARTMENT OF CORRECTION | ) |
| and CHRISTINA REAGLE, in her official capacity, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF THE CASE

1. Plaintiff, Robert Guffey, ("Plaintiff"), brings this action against Defendant, Christina Reagle, in her official capacity as Commissioner of the Indiana Department of Correction ("IDOC"), for unlawfully violating his rights protected by the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq. pursuant to the *Ex Parte Young*, 209 U.S. 123 (1908) exception to the Eleventh Amendment, and against Defendant IDOC for violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 701 et seq. (hereinafter "Section 504").

### PARTIES

2. At all times relevant to this action, Plaintiff resided within the Southern District of Indiana.

3. Defendants operate in and conduct business in the Southern District of Indiana.

4. Plaintiff was an "employee" as that term is defined by the ADA, 42 U.S.C. § 12111(4) and Section 504.

5. Defendants are "employer[s]" as that term is defined by the ADA, 42 U.S.C. § 12111(5)(A) and Section 504.

6. Plaintiff was an employee under a "program or activity" pursuant to 29 U.S.C. § 794(b).

7. Plaintiff is an individual who has been regarded as having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2) and/or Plaintiff is an individual with a disability and/or record of a disability, as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8). Plaintiff is a "qualified individual with a disability" and/or has been perceived by Defendant to be disabled.

8. Plaintiff is an individual with a disability as that term is defined by Section 504, including 29 U.S.C. §§ 705(9) and (20).

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 29 U.S.C. § 794a; and 42 U.S.C. § 12117.

10. Plaintiff exhausted his administrative remedies by filing a charge numbered 470-2023-00188 with the U.S. Equal Employment Opportunity Commission against Defendant, and receiving the appropriate notice of suit rights. Plaintiff files the instant matter within ninety (90) days of receipt of said notice.

11. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are

located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## **FACTUAL ALLEGATIONS**

12. Defendants hired Plaintiff on or about October 4, 2004. Beginning in 2021, he worked as Program Director.

13. Plaintiff's work performance met or exceeded the Defendants' legitimate expectations at all relevant times.

14. Plaintiff has been diagnosed with a physiological impairment and serious medical condition which affects his respiratory system and substantially limits one or more of the major life activities, including sleep.

15. Defendant falsely accused Plaintiff of falling asleep during meetings, and he was asked to step back down to his original position.

16. Plaintiff refused to step down. Within a week thereafter, Defendant selected him for a drug screen.

17. On or about June 20, 2022, Defendant terminated the Plaintiff's employment, purportedly because he failed to pass the drug screen.

18. Plaintiff failed to pass the drug screen due to consuming his lawfully prescribed medication that is used to treat his disability.

19. The Defendants did not provide Plaintiff an opportunity to dispute the failed drug screen, and the Plaintiff was terminated on the same day the results came back.

20. Employees who do not suffer from disabilities have been treated more favorably than Plaintiff.

21. Plaintiff has been harmed by Defendants' unlawful actions, including but not limited to, financial loss, embarrassment, humiliation, and emotional distress.

## LEGAL ALLEGATIONS
### COUNT I: VIOLATIONS OF THE ADA

22. Plaintiff hereby incorporates paragraphs one (1) through twenty-one (21) of his Complaint.

23. Defendants unlawfully terminated Plaintiff because of his disability and/or because he requested accommodations for his disability and opposed disability discrimination.

24. Defendants stated reasons for terminating Plaintiff are pretextual.

25. Defendants discrimination against Plaintiff was done in reckless disregard for Plaintiff's federally protected rights.

26. Actions of Defendants caused Plaintiff both emotional and economic harm.

27. Intentional and unlawful employment actions of Defendants have violated Plaintiff's rights as they are protected by the Americans with Disabilities Act (ADA), as amended 42 U.S.C. § 12101 et seq.

### COUNT II: VIOLATIONS OF THE REHABILITATION ACT

28. Plaintiff hereby incorporates paragraphs one (1) through twenty-seven (27) of his Complaint.

29. Plaintiff has impairments which substantially limited one or more of his major life activities.

30. Alternatively, Defendants unreasonably regarded Plaintiff as having a disability that interfered with his ability to perform her job.

31. Defendants unlawfully terminated Plaintiff because he was disabled and/or because he opposed disability discrimination.

32. Defendants' stated reasons for terminating Plaintiff are pretextual.

33. Defendants' discrimination of and retaliation against Plaintiff was done in reckless disregard for Plaintiff's federally protected rights.

34. Defendants' actions caused Plaintiff both emotional and economic harm.

35. Defendants' intentional and unlawful employment actions have violated Plaintiff's rights as they are protected by the Rehabilitation Act.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Robert Guffey, respectfully requests that this Court enter judgment in his favor and provide him the following relief:

1. Reinstatement to his prior position, salary, seniority, and benefits, or pay front pay in lieu of reinstatement;

2. Enjoin Defendants from future violations of the ADA and the Rehabilitation Act;

3. All lost wages, benefits, compensation, and monetary loss suffered as a result of Defendants' unlawful actions;

4. Compensatory, consequential, and punitive damages;

5. All attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

6. Pre- and post-judgment interest on all sums recoverable; and

7. All other legal and/or equitable relief to which he is entitled.

Respectfully submitted,

John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:    (317) 955-9500
Facsimile:    (317) 955-2570
E-Mail:       jhaskin@jhaskinlaw.com
E-Mail:       plogan@jhaskinlaw.com
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Robert Guffey, by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:    (317) 955-9500
Facsimile:    (317) 955-2570
E-Mail:       jhaskin@jhaskinlaw.com
E-Mail:       plogan@jhaskinlaw.com
Attorneys for Plaintiff